UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:14-CR-32-GFVT-HAI-2 |
| | ) | |
| v. | ) | RECOMMENDED DISPOSITION |
| | ) | |
| JONATHAN D. BRUMLEY, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

The Court, on referral (D.E. 115), considers reported violations of supervised release conditions by Defendant Jonathan Brumley. Judge Van Tatenhove entered a judgment against Defendant on July 2, 2015, for one count of possessing a firearm or ammunition while under a domestic violence order in violation of 18 U.S.C. § 922(g)(8). D.E. 87 at 1. Defendant was sentenced to sixteen months of imprisonment followed by three years of supervised release. *Id.* at 2-3. Defendant began his term of supervised release on February 26, 2016.

On January 29, 2017, Defendant was arrested by the Kentucky State Police and charged with driving under the influence-first offense, failure to wear a seat belt, failure to produce insurance card, and failure to maintain required insurance-first offense in violation of Kentucky law. D.E. 114. Defendant informed the United States Probation Office ("USPO") of his arrest, and USPO Jones submitted a Probation Form 12A, Report on Offender Under Supervision, recommending that no action be taken pending the disposition of these charges in state court. *Id.* USPO Jones also stated that he planned to continue substance abuse treatment and to begin more

frequent substance abuse and alcohol testing. *Id.* District Judge Van Tatenhove approved the requested action on February 28, 2017. *Id.* A jury trial was scheduled to occur on these charges in Clay County, Kentucky on April 4, 2017, but according to defense counsel, was continued due to Defendant's incarceration while awaiting his final revocation hearing on the charges described below.

Thus, the matters reported in the 12A (D.E. 114) are still pending before Judge Van Tatenhove.

## I.

On March 9, 2017, the USPO issued the Supervised Release Violation Report ("the Report") that initiated this revocation. The Report charges two violations.

First, the Report charges, in Violation #1, a violation of the Standard Condition requiring that Defendant "shall not purchase, possess, use, distribute, or administer any controlled substance." The Report specifically alleges that, on March 8, 2017, Defendant submitted a urine sample to the USPO for routine drug testing. The sample was tested via instant testing device and was positive for the presence of amphetamine and methamphetamine. Defendant subsequently signed a written admission form admitting to the use of methamphetamine on March 4, 2017. This is a Grade C violation.

The Report also charges Defendant, in Violation #2, with violating the condition of his supervised release requiring that he "not commit another federal, state or local crime." Specifically, the Report alleges that, with the Sixth Circuit Court of Appeals' ruling that use equals possession, simple possession of methamphetamine constitutes conduct in violation of Kentucky Revised Statute § 218A.1415: Possession of a Controlled Substance-First Offense, a Class D felony. This is a Grade B violation.

## II.

On March 31, 2017, the Court conducted an initial appearance pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure. D.E. 119. The Court set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. *Id*. At the initial appearance, the United States made an oral motion for interim detention; Defendant argued for release. *Id*. The Court found that Defendant failed to meet the heavy § 3143(a) defense burden and remanded him to the custody of the United States Marshal. *Id*.

At the final hearing on April 13, 2017, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 120. Defendant competently entered a knowing, voluntary, and intelligent stipulation to Violations #1 and #2. *Id*. For purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for the violations as described in the Report. *Id*. The United States thus established both violations under the standard of section 3583(e). *Id*.

The parties agreed as to the sentence. Defense counsel announced the joint recommendation of revocation with six months of imprisonment, followed by twenty-four months of supervised release under the conditions previously imposed.

## III.

The Court has evaluated the entire record, the Report and accompanying documents, and the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all of the section 3553 factors imported into the section 3583(e) analysis.

Under section 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant pleaded guilty to the Class C felony of possession of a firearm or ammunition by a person under a domestic violence order. *See* 18 U.S.C. §§ 922(g)(8); 3559(a)(3). Defendant's conviction carries a

twenty-four month maximum period of incarceration upon revocation pursuant to 18 U.S.C. § 3583(e)(3). Under 18 U.S.C. § 3583(h), the maximum term of supervised release that can be re-imposed is thirty-six months, less any period of incarceration imposed upon revocation.

The Policy Statements in Chapter 7 of the Sentencing Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438-39 (6th Cir. 2007) ("[T]he policy statements found in Chapter Seven of the United States Sentencing Guidelines . . . 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). Under section 7B1.1, Defendant's admitted conduct in Violation #1 would qualify as a Grade C violation, and his conduct in Violation #2 would qualify as a Grade B violation. Given Defendant's criminal history category of I (the category at the time of the conviction in this District) and a Grade B violation, *see* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."), Defendant's Range under the Revocation Table of Chapter 7 is 4 to 10 months. U.S.S.G. § 7B1.4(a).

In support of the jointly recommended sentence, the government argued that Defendant's admitted conduct warrants a sentence slightly below the middle of the Guidelines Range because he was candid with USPO Jones and immediately admitted that he used methamphetamine on March 4, 2017. The government further cited as mitigating Defendant's compliance with all conditions of his supervised release for a period of more than one year before this incident occurred. Despite these mitigating factors, the government argued that six months of incarceration is warranted because of Defendant's violent criminal history, which includes a

charge of violating a domestic violence order and a conviction for terroristic threatening. Moreover, Defendant's underlying conviction resulted from possession of a firearm while he was under a domestic violence order. The government emphasized that Defendant's use of methamphetamine, which constitutes new felony criminal conduct, demonstrates that there is a strong need to deter further criminal conduct and protect the public. Defendant could become violent while using drugs given his underlying conviction and criminal history.

Defense counsel stated that he agrees with the government's argument in support of the jointly recommended sentence. Further, defense counsel stated that he believes Defendant's meth use is an aberration and that twenty-four months of supervised release will be adequate to evaluate whether Defendant actually has a drug problem. As mitigating, defense counsel cited Defendant's minimal criminal history and his record of over one year of compliance with all conditions of his supervised release leading up to the instant violation. Defense counsel emphasized that, despite the mitigating circumstances, incarceration is warranted to address the breach of trust and to remind Defendant that he must respect and follow all conditions of his supervised release.

## IV.

Congress does ***mandate*** revocation in a case of this nature. By statute, the Court must revoke Defendant because he possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *see also United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000) (equating use with possession). To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the section 3583(e) analysis, as well as the Guidelines Range.

The Court first considers the nature and circumstances of Defendant's conviction. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2001) (explaining that this sentencing

factor focuses upon the original offense rather than the violations of supervised release). Defendant was convicted of possessing a firearm while under a domestic violence order. This conviction is significant and indicates that Defendant has potential to become violent.

The Court next considers Defendant's history and characteristics, the need to deter criminal conduct, and the need to protect the public. Defendant has a minimal criminal history and was compliant with the conditions of his supervised release for a period of more than one year prior to the instant revocation proceeding. However, his criminal history does contain violent crimes, and as a result, Defendant poses a significant threat of danger. Methamphetamine is a particularly dangerous drug, and one that Defendant has not used before according to his PSR. His use is troubling and indicates that, when he is using drugs, he poses a danger to himself and the public as a whole through upstream methamphetamine trafficking.

The Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender. The particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into section 3583(e). Defendant's breach of the Court's trust is significant because he used meth and engaged in new felony conduct. Additionally, the pre-trial bond violation, the pending state charges described in the Form 12A, and the instant violations indicate that Defendant does not take the conditions of his supervised release or the Court's authority seriously. Accordingly, incarceration is warranted.

A sentence of six months is slightly below the middle of the Guidelines Range, and the Court feels that term is warranted by Defendant's breach of the trust placed in him. Additionally, the Court believes that six months of incarceration, and twenty-four months of supervised release to follow, is adequate to deter similar future conduct and protect the public. For the reasons discussed above, the Court finds this penalty is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e).[1]

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. §§ 3583(b) & (h). The maximum term of supervised release that may be re-imposed based on Defendant's underlying conviction is thirty-six months, less any period of incarceration imposed upon revocation. *See* 18 U.S.C. § 3583(h); 21 U.S.C. § 841(b)(1)(C). Accordingly, if the undersigned's recommendation is adopted, the maximum period of supervised release that may be re-imposed in the instant case is thirty months. As agreed upon by the parties, the Court will recommend that supervised release be re-imposed for a term of twenty-four months following Defendant's release from incarceration under the same conditions as previously imposed.

Based on the foregoing, the Court **RECOMMENDS**:

1. Revocation with a term of six months of imprisonment; and

---

[1] The Court recognizes that Defendant's state charges discussed in the Form 12A submitted by USPO Jones on February 28, 2017 (D.E. 114) are still pending and are set for trial in Clay County on August 8, 2017. The Court advised Defendant that the outcome of those matters could result in the initiation of additional, separate revocation proceedings in this case.

2.  Supervised release to follow for a period of twenty-four months, under the same conditions previously imposed.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i).  As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended disposition, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court.  Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 17th day of April, 2017.

Signed By:

*Hanly A. Ingram*

United States Magistrate Judge